No. 693
PITTSB. C. C. & ST. L. RY. CO. v.
KILPATRICK, Adm.
Ohio Appeals, 4th Dist., Montgomery County
No. 609. Decided September 6, 1924

1245. VERDICTS—$9,000.00 damages for death of wife in collision between automobile and cut of cars unlighted at railroad crossing not against evidence.

801. MUNICIPAL LAW—Ordinance requiring a cut of cars on railroad crossing at night to carry light in front, held valid.

359. DEATH—Marriage of surviving spouse held not admissible to mitigate damages in action for death by wrongful act.

BY THE COURT.

Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for wrongful death. The deceased was killed by a collision between an automobile and cut of freight cars backed across a street in Dayton. The deceased was a passenger in the automobile. The accident happened shortly after 11 o'clock p. m. A watchman was maintained at the crossing until 11 o'clock p. m., but there was no watchman on duty at the time of the accident. The evidence was in conflict as to whether there were any lights on the front end of the moving cars. During the trial the court admitted evidence of a city ordinance which required that lights be placed on the front end of moving cars when they were about to cross a street at night. The court, excluded evidence of the remarriage of plaintiff. The jury returned a verdict for Kilpatrick in the sum of $9,000, whereupon defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. A municipality has a right to regulate the use of the public street and the manner in which cars are backed or pushed across such street. Therefore, an ordinance requiring a cut of cars to carry the lights at night is not unreasonable or improper.

2. In an action for wrongful death, evidence of the remarriage of the surviving spouse is not admissible for the mitigation of damages. Davis v. Guarnieri, 45 OS. 470, followed.

3. The verdict held not manifestly against the weight of the evidence.

Attorneys—Matthews & Matthews, Dayton, for Railway Co.; Frank S. Monnett, Columbus, and I. L. Holderman and Mattern, Brumbaugh & Mattern, Dayton, for Kilpatrick.

---

No. 694
ARMSTRONG et al v. SMITH
Ohio Appeals, 1st Dist., Hamilton County
No. 2169. Decided Nov. 26, 1923

1271. WILLS—Finding of jury that will was executed under undue influence of relatives of testatrix not reversed.

BUCHWALTER, J.          Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to set aside a will. Armstrong and Louisa Smith had accumulated a considerable amount of property during their life time. Finally, plaintiff transferred one-half interest in the real estate to his wife, Louisa. In 1902, after some negotiations, Louisa Smith bought plaintiff's interest in a certain piece of property for $21,000. This property was deeded to one Fitzgerald and then transferred to Mrs. Smith's brother, William Armstrong. Detectives were employed by Mrs. Smith's relatives to watch the actions of Mr. Smith. By her will all of her property was left to her brothers and sisters. The jury held that the will was made under undue influence, whereupon error was prosecuted to the Court of Appeals, which held:

1. Taking into consideration all the circumstances of the case, the fact that the defendants secretly connived to gain control of the property, it cannot be said that the finding of the jury was manifestly against the weight of the evidence.

Attorneys—T. M. Cowguill and J. T. Rhyno, for Armstrong; James G. Stewart and H. C. Holsinger, for Smith; all of Cincinnati.